## STANLEY L. LESICK, ADMR.
### (Estate of Lesick)
*vs.*
## BARNET MAIOFES

Superior Court       Middlesex County       File #7651

MEMORANDUM FILED NOVEMBER 26, 1938.

Bernard A. Kosicki, of Middletown, for the Plaintiff.

Arthur F. Libby, of Norwich, for the Defendant.

INGLIS, J.   On September 29, 1938, the plaintiff's decedent, Andrew Lesick, conveyed to the defendant his real estate, located in East Haddam, worth $3,000, and personal property then located on the real property which personal property was reasonably worth upwards of $400.   The sole consideration paid by the defendant for the conveyance was $300 in cash and a mortgage on the real estate for $700 payable $25 each six months with interest at four per cent per annum.

At the time of the conveyance, Andrew Lesick was insane. He was capable of understanding that the effect of the transaction was the conveyance of his property but, because of insanity, his judgment was badly impaired and he was obsessed of the insane idea that he must dispose of his property at any price obtainable.

In January, 1937, Andrew Lesick had negotiated with the defendant for the sale of the same farm and at that time, with no serious intentions of buying it, the defendant had offered $1,000 which Lesick did not accept.   Between that time and September, 1938, Lesick had offered the farm at various figures ranging from $2,000 to $4,000.

In the early part of 1937 Andrew Lesick on several occasions visited the defendant's store in Colchester and bought various trinkets which were of no value to Lesick.   At that time, Felix

Stankiewicz, a son-in-law of Andrew Lesick, told the defendant that Lesick was not right mentally and that he, Maiofes, should not sell him anything more.

At the time the defendant took the conveyance from Lesick and paid the consideration therefor, he knew that Lesick was insane and the consideration paid by him was grossly inadequate.

Under such circumstances the conveyance was voidable and the plaintiff is now entitled to a reconveyance. 9 C.J. Cancellation of Instruments §§37, 38, 40; 32 C.J. Insane Persons §§536, 537.

Since the conveyance, the defendant has sold the horse, worth $100 and the stove worth $5.00. Upon a reconveyance being made of all the rest of the real and personal property, equity will be done by the plaintiff returning to the defendant the consideration paid less the sum of $105.00.

Judgment may enter setting aside the conveyance referred to in the complaint and enjoining the defendant, upon the tender to him of $195.00 in cash and a release of the mortgage given by him and the surrender to him of the mortgage note, to make, execute and deliver to the plaintiff as administrator of the estate of Andrew Lesick a good and sufficient quit-claim deed reconveying all of the real and personal property conveyed to him by Andrew Lesick except the horse and the stove and that the plaintiff recover of the defendant his taxable costs.